**Order filed October 7, 2019.**



In The

# Fourteenth Court of Appeals

_____

## NOS. 14-19-00721-CV and 14-19-00722-CV
_____

## IN RE THE WILLIAMS COMPANIES, INC., JOHN DEARBORN AND DAVID CHAPPELL, Relators

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
125th District Court
Harris County, Texas
Trial Court Cause No. 2016-53287**

## ORDER

Relators The Williams Companies, Inc., John Dearborn, and David Chappell filed a motion asking our court for leave to file the following documents with our court under seal: a Propylene Purchase and Sale Agreement ("PSA") and a Petrochemicals Diversification Program Application ("PDP Application").

Relators have not provided this court with a permanent sealing order from the trial court that complies with the requirements of Rule 76a of the Texas Rules of Civil Procedure that seals the PSA and the PDP Application. Among other things, Rule 76a requires the sealing order to state "the specific reasons for finding and concluding whether the showing required by paragraph 1, has been made; the specific portions of court records which are to be sealed; and the time period for which the sealed portions of the court records are to be sealed." Tex. R. Civ. P. 76a(6). The February 9, 2017 Agreed Protective Order referenced by realtors in their motion does not seal the PSA and the PDP Application and does not comply with the above-stated requirements of Rule 76a.

Further, Rule 76a(2)(a)(1) states "court records" means "(a) all documents of any nature filed in connection with any matter before any civil court, except: (1) documents filed with a court in camera, **solely for the purpose of obtaining a ruling on the discoverability of such documents**." Tex. R. Civ. P. 76a(2)(a)(1) (emphasis added). It does not appear that relators submitted the PSA and PDP Application to the trial court solely for the purpose of obtaining a ruling on the discoverability of these documents; rather, it appears that relators submitted these documents as evidence in support of their motion to dismiss and their motion to strike. So, these documents appear to be "court records" to which the sealing requirements of Rule 76a apply.

Relators have until December 13, 2019, to supplement the mandamus record with a copy of a permanent sealing order of the PSA and PDP Application that complies with Rule 76a. Failure to do so will result in the denial of relators' motion for leave to file the PSA and the PDP Application under seal, unless, before that date, relators present briefing, with citations to authority, establishing a valid legal basis on which this court may maintain these documents under seal without

an order showing the documents have been permanently sealed in accordance with Rule 76a.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Hassan.